J-A24044-22
J-A24045-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| MARK FRASER | : | |
| | : | |
| Appellant | : | No. 591 EDA 2021 |

Appeal from the Judgment of Sentence Entered November 2, 2020
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0001099-2019

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| MARK FRASER | : | |
| | : | |
| Appellant | : | No. 592 EDA 2021 |

Appeal from the Judgment of Sentence Entered November 2, 2020
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0001100-2019

BEFORE:  PANELLA, P.J., BENDER, P.J.E., and SULLIVAN, J.

MEMORANDUM BY SULLIVAN, J.:                    **FILED JANUARY 18, 2023**

Mark Fraser ("Fraser") appeals from the judgments of sentence imposed

after his non-jury convictions for indecent assault, endangering the welfare of

children ("EWOC"), and corruption of minors ("COM")[1] in the above captioned cases.[2]  We affirm.

We summarize the factual and procedural history of these appeals from the record.  Fraser had been living with his wife, M.S., her two daughters, J.B.R. (born in 2005) and M.B.R. (born in 2006) (collectively, "the victims"), and Fraser and M.S.'s two younger sons.  *See* N.T., 3/6/20, at 8-9.  The victims stated that in the summer of 2018, Fraser began rubbing their buttocks while they were sleeping.  *See* N.T., 3/2/20, at 11-20, 48-52.  When they would wake up and ask what he was doing, Fraser would say that he was getting the trash or checking outside their windows.  *See id*. at 20, 54.

The victims reported the abuse to M.S. in September 2018.  *See* N.T., 3/6/20, at 11-12, 16.  M.S. confronted Fraser about the abuse, and he apologized to her.  *See id*. at 14-16.  M.S. forced Fraser to leave the home, but she continued to have contact with him.  *See id*. at 16-18.  Fraser also occasionally picked up or dropped off the victims from school or extracurricular activities, saw M.S. socially, and sometimes spent the night in the home with M.S.  *See id*. at 34-38; *see also* N.T., 3/2/20, at 40-41.  M.S. reported the matter to police in December 2018, and the victims both gave statements to the police.  *See* N.T., 3/6/20, at 20-21.

---

[1] *See* 18 Pa.C.S.A. §§ 3126(a)(1), (7), (8), 4304(a)(1), 6301(a)(1)(ii).

[2] We have consolidated Fraser's appeals for disposition because the facts and legal issues in each appeal are similar.

Police charged Fraser in January 2019 in the two separate cases,[3] and the victims testified at a preliminary hearing, after which Fraser proceeded to a consolidated non-jury trial. M.B.R. testified at trial that Fraser rubbed or squeezed her buttocks on more than five occasions. *See* N.T., 3/2/20, at 11-18, 33. M.B.R. described how Fraser first touched her buttocks in July 2018, when the family had returned home from a vacation in Virginia and she had fallen asleep on the couch in the living room. *See id*. at 12-15. She recounted that this first incident happened around 8:00 a.m.. *See id*. at 15, 35. Fraser did not object to this testimony; however, during cross-examination, the Commonwealth stipulated that M.B.R. did not describe this incident in her statement to police. *See id*. at 38. Additionally, and again without objection from Fraser, M.B.R. described a time when Fraser inappropriately touched her and J.B.R. when they were sleeping in the same bedroom. *See id*. at 19-20. The Commonwealth agreed that M.B.R.'s prior statement to police and her preliminary hearing testimony did not include assertions that Fraser touched her and J.B.R. at the same time. *See id*. at 42.

J.B.R. also testified that Fraser touched her buttocks while she was sleeping in her room on at least five occasions. *See* N.T., 3/2/20, at 48-52. M.S. also testified at trial and, in relevant part, explained why, after confronting Fraser in September 2018, she continued to see him and allowed

---

[3] The charges related to J.B.R. were docketed in the trial court at 1099 of 2019, and the charges related to M.B.R. were docketed at 1100 of 2019.

him to have contact with the victims before reporting the abuse to the police in December 2018.  *See* N.T., 3/6/20, at 18-21.[4]

Fraser testified on his own behalf and denied touching the victims for sexual gratification.  He indicated that he may have accidentally touched the victims' buttocks when his sons were sleeping in the same bed as the victims and he needed to move his sons.  *See id*. at 64-65.  He admitted that he apologized to the victims and M.S., but he claimed that the victims had not accused him of groping them at the time and he was apologizing for making them feel uncomfortable if he had inadvertently touched them.  *See id*. at 65-66.

The trial court found Fraser guilty of several counts of indecent assault against each of the victims, as well as EWOC and COM.  Fraser filed post-trial motions for a new trial in which he challenged the weight of the evidence and asserted that M.B.R.'s surprise trial testimony violated his due process rights. Fraser claimed that he found a receipt indicating that in July 2018, when the family had taken a vacation, they did not leave Virginia until 11:00 a.m. Fraser argued that the receipt would have rebutted M.B.R.'s testimony that

---

[4] Specifically, M.S. testified that she needed to process what had happened, would have been unable to provide for the family on her own, and wanted to allow Fraser to still see his sons.  She also stated that Fraser pressured her to maintain contact with him and let him visit the home.  Lastly, she stated that she needed to tell the victims' biological father about the abuse before reporting the matter to the police.

the first incident occurred at 8:00 a.m. after the family returned home from their vacation to Virginia.

On November 2, 2020, the trial court sentenced[5] Fraser to an aggregate term of eleven-and-one-half to twenty-three months of imprisonment, with immediate parole to house arrest, and a consecutive term of three years of probation.[6] Fraser filed post-sentence motions, which were denied by operation of law. Fraser timely appealed, and both he and the trial court complied with Pa.R.A.P. 1925.

Fraser raises the following issues for our review:

1. Does the record contain sufficient evidence to sustain the trial court's guilty verdict?

2. Was the verdict of guilty rendered against the weight of the evidence?

3. Was [Fraser's] right to due process violated wherein new material evidence and timelines were introduced at trial?

*See* Fraser's Briefs, 591 EDA 2021 and 592 EDA 2021, at 5 (some capitalization omitted).[7]

_____

[5] The dockets do not indicate that the trial court formally denied Fraser's post-trial motions. Because Fraser did not include a copy of the sentencing hearing transcript in the certified records, we are unable to determine whether the trial court considered Fraser's post-trial motions. However, because the trial court sentenced Fraser, we consider the post-trial motions as denied.

[6] The trial court also ordered that Fraser register for life as a Tier III sex offender.

[7] Fraser's briefs in these appeals are similar but not identical. We note that the order of Fraser's arguments is different from his statement of questions
*(Footnote Continued Next Page)*

In his first issue, Fraser challenges the sufficiency of the evidence that he fondled the victims' buttocks. "In reviewing a sufficiency of the evidence claim, we must determine whether the evidence admitted at trial, as well as all reasonable inferences drawn therefrom, when viewed in the light most favorable to the verdict winner, are sufficient to support all elements of the offense." *Commonwealth v. Juray*, 275 A.3d 1037, 1042 (Pa. Super. 2022) (internal citation omitted). A victim's testimony, if believed by the factfinder, may establish all the elements of a sexual offense. *See Commonwealth v. Johnson*, 180 A.3d 474, 479 (Pa. Super. 2018). This Court will not reweigh the evidence or substitute our own judgment for that of the factfinder. *See Juray*, 275 A.3d at 1042.

Fraser argues that the victims' and M.S.'s testimony was so contradictory and incredible that they were unworthy of belief. He attacks M.B.R.'s trial testimony for presenting previously undisclosed details about the first time he groped her, which he could have rebutted or were uncorroborated by any other witness. Fraser contends that M.B.R. admitted to lying about the contacts she and M.S. had with him after they confronted him about the

_____

involved on appeal as he argues his weight issue first. *See* Fraser's Brief, 591 EDA 2021, at 8-9; Fraser's Brief, 592 EDA 2021, at 8-10. We address Fraser's issues in the order they appear in his statement of questions involved on appeal.

abuse.[8] He also asserts that the victims offered unsubstantiated evidence of grooming behavior, namely, that he offered to buy the victims gifts to maintain their silence, even though they admitted he did not buy them gifts. Fraser emphasizes that the victims and M.S. delayed their reports of the abuse. He states that it "defies logic" that M.S. would have allowed him to have contact with the victims and be present in the home after she had confronted him. *See* Fraser's Brief, 592 EDA 2021, at 11.

The trial court rejected Fraser's challenge to the sufficiency of the evidence noting that his claims regarding inconsistencies in the witnesses' testimony went to the weight, rather than the sufficiency of the evidence. *See* Trial Court Opinion, 3/28/22, at 24. The court further noted that the testimony from the victims established the "same underlying point, that [Fraser] had committed a number of sexual offenses against [the victims]." *See id*. at 25.

Following our review of the record, we agree with the trial court that Fraser's focus on the reliability of the victims' testimony, rather than a specific element of an offense, does not state a true sufficiency challenge. *See Juray*, 275 A.3d at 1043 (noting that an appellant conflates a challenge to the

_____

[8] Fraser does not cite to any portion in the record to support his assertion that either of the victims admitted to "lying." Rather, it appears that he is relying on portions of his cross-examinations when, for example, M.B.R. initially responded "no" to questions about Fraser spending the night at the home after being confronted, but upon further prompting by defense counsel, stated that Fraser would sometimes sleep in M.S.'s room. *See* N.T., 3/2/20, at 40-41.

sufficiency and the weight of the evidence based on assertions that a victim is incredible).[9] Furthermore, Fraser disregards the principle that testimony from the victims alone could be sufficient to establish the offenses charged. **See Johnson**, 180 A.3d at 479. Thus, Fraser's challenge to the sufficiency of the evidence fails.

In his next issue, Fraser challenges the weight of the evidence supporting his convictions.[10] When considering whether a verdict was against the weight of the evidence, the trial court must first determine whether the verdicts "shock the conscience," that is, whether "notwithstanding all the facts, certain facts are so clearly of greater weight that to ignore them or to give them equal weight with all the facts is to deny justice." **See Commonwealth v. Clay**, 64 A.3d 1049, 1055 (Pa. 2013) (internal citation and quotations omitted). This Court reviews the trial court's exercise of

---

[9] We add that we could have found Fraser's Rule 1925(b) statement to be deficient and waived his sufficiency claim for the same reason. **See Commonwealth v. Williams**, 959 A.2d 1252, 1257 (Pa. Super. 2008) (noting that if an appellant wishes to preserve a claim that the evidence was insufficient, then the Rule 1925(b) statement must specify the element or elements upon which the evidence was insufficient); **see also** Fraser's Rule 1925(b) Statements, 4/8/21, at ¶ 2 (asserting that "[t]he adjudication of guilt for the aforementioned offenses is based on insufficient evidence where the Commonwealth did not offer any direct evidence other than the word of complainant and her sister, which was contradicted in an irreconcilable fashion by the testimony and statements of complainant and her sister"). However, given the relatively straightforward nature of this case, we decline to find waiver based on Fraser's Rule 1925(b) statement. **See Commonwealth v. Laboy**, 936 A.2d 1058, 1060 (Pa. 2007).

[10] Fraser preserved his weight of the evidence challenge in his post-sentence motion and in his Rule 1925(b) statement.

discretion when denying relief, not the underlying question of whether a verdict is against the weight of the evidence. *See id*. We will find an abuse of discretion where the trial court's "judgment is manifestly unreasonable or where the law is not applied or where the record shows that the action is a result of partiality, prejudice, bias or ill-will." *See id*. (internal citation omitted).

Fraser claims that the evidence that he touched the victims' buttocks was unreliable and unworthy of belief. He asserts that M.B.R.'s trial testimony that the first incident occurred after a family vacation could not have happened when she stated it occurred; M.B.R.'s testimony that Fraser touched her and J.B.R. at the same time was inconsistent with any prior statement or trial testimony; the victims' testimony about grooming behavior was uncorroborated; and it was implausible that the victims and M.S. would have allowed Fraser to have contact with them while delaying their reports of the abuse.

The trial court's opinion thoroughly reviewed the trial evidence and explained the court's reasons for crediting the victims' testimony and denying Fraser's motion for a new trial based on the weight of the evidence. Specifically, the court acknowledged that M.B.R. gave different accounts to the police, at the preliminary hearing, and at trial. The court determined that "the relevant facts supporting [Fraser's] convictions, however, always remained the same[:] M.B.R. consistently stated that [Fraser] touched her

[buttocks] more than five (5) times while she was sleeping, and that when she woke up, [Fraser] would stop." Trial Court Opinion, 3/28/22, at 20. The trial court also found that J.B.R. consistently testified that on more than five occasions, she had been sleeping and awoke to Fraser grabbing and squeezing her buttocks. *See id*. at 22. The court concluded that the inconsistencies in the victims' testimony about when or where the touching occurred were relatively minor in light of their consistent testimony about the abuse. *See id*. at 21-22.

The trial court further explained that Fraser's convictions did not require proof of grooming behaviors. The court added that it did not improperly weigh any evidence of Fraser's alleged grooming behavior and made proper credibility determinations based on the evidence presented. *See id*. at 23.

Lastly, the trial court stated that it credited the victims' and M.S.'s explanations for their delays in reporting the abuse. The court noted that the victims were aware that M.S. was not working at the time and that Fraser was the sole provider for the family. *See id*. at 22. The court also credited the victims' explanations that they also did not want their brothers, Fraser's biological children, to lose their father. *See id*. Moreover, the court accepted as reasonable M.S.'s explanations that she needed time to process the magnitude and repercussions of what Fraser had done and to inform the victims' biological father before reporting the matter to the police. The court thus determined that its verdicts did not shock the conscience. *See id*. at 21.

We discern no abuse of discretion by the trial court. The trial court recognized and, as the factfinder at trial, resolved inconsistencies about when and where the touching occurred and Fraser's continued contacts with M.S. and the victims even after M.S. confronted Fraser about the allegations of abuse. The trial court's explanations were proper and reveal no manifest unreasonableness, misapplication of the law, or partiality, prejudice, bias, or ill will. **See Clay**, 64 A.3d at 1049. Accordingly, we affirm the court's decision to deny Fraser's weight of the evidence claim.

In his third issue, Fraser asserts that M.B.R.'s trial testimony violated his due process rights. He argues that he lacked proper notice of her testimony that he first touched her after the July 2018 family vacation in Virginia. Fraser also contends that he has evidence rebutting her testimony that the first incident of abuse occurred at 8:00 a.m. after a family vacation. Further, Fraser claims that he had no notice that M.B.R.'s testimony would include new information that he touched her and her sister at the same time.

Our review of the record indicates that Fraser did not object to M.B.R.'s testimony, allege unfair surprise, request a continuance, or otherwise allege a due process violation at trial.[11] **See** N.T., 3/2/20, at 13-15; **see also**

_____

[11] Fraser did not object at trial, but he extensively cross-examined M.B.R. about adding new details at trial that she did not describe to police or at the preliminary hearing. **See** N.T., 3/2/20, at 34-42. In his closing statements, Fraser argued that M.B.R. was unreliable because she continued to add new details about the inappropriate touching. **See** N.T., 3/6/20, at 93, 103.

- 11 -

Pa.R.A.P. 302(a). Rather, Fraser alleged a due process violation for the first time in a post-trial motion.

Furthermore, Fraser's brief before this Court also fails to discuss any case law relevant to his issue. **See** Pa.R.A.P. 2119(a).[12] Absent development of his legal claim, it is unclear whether Fraser is asserting that M.B.R.'s testimony was at variance with the charging documents, as was discussed in the Commonwealth's brief, that the Commonwealth had prior knowledge of the M.B.R.'s testimony, as was discussed in the trial court's opinion, or that he is entitled to a remand for consideration of possible after-discovered evidence.

It is not for this Court to address, develop, or select among possible arguments for an issue that was neither preserved in the trial court nor adequately presented in an appellate brief. **See Commonwealth v. Kane**, 10 A.3d 327, 331 (Pa. Super. 2010) (noting that issue not preserved in the trial court are waived, that this Court will not develop arguments on behalf of an appellant, and that this Court may find an issue waived when defects in a brief impedes our ability to conduct meaningful review). Accordingly, we conclude that Fraser waived his due process issue, and we will not consider it.

Judgments of sentence affirmed.

---

[12] The only citation Fraser gave in reference to his due process issue involved the standard of review for a claim that a statute was void for vagueness. **See** Fraser's Briefs, 591 EDA 2021 and 592 EDA 2021, at 5 (citing **Commonwealth v. Veon**, 109 A.3d 754 (Pa. Super. 2015)).

J-A24044-22
J-A24045-22

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary


Date: 01/18/2023

- 13 -